```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


ANDREW MORRIS,                     )
      Petitioner,                  )
                                   )
      v.                           )     C.A. No. 13-10382-PBS
                                   )
JOSEPH D. McDONALD, JR.,           )
      Respondent.                  )
```

MEMORANDUM AND ORDER

For the reasons set forth below, the Court: (1) denies without prejudice Petitioner's Application to Proceed Without Prepayment of Fees, (2) denies Petitioner's Request for Release from Detention, (3) directs the Clerk to amend the case caption to reflect that Sheriff McDonald is the sole respondent and serve a copy of the Petition upon Sheriff McDonald and the United States Attorney for the District of Massachusetts; and (4) orders the Respondent to file an answer or other responsive pleading.

BACKGROUND

On February 25, 2013, Petitioner Andrew Morris, a native and citizen of Liberia now confined to the Plymouth County House of Correction, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  See Docket No. 1.  With his complaint, he filed an Application to Proceed Without Prepayment of Fees and Affidavit ("Application") and a Motion for Release from Detention.  See Docket Nos. 2, 3.

Petitioner challenges his continued detention and seeks immediate release on the ground that his continued detention is

in violation of his due process rights as articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

DISCUSSION

I. The Application to Proceed Without Prepayment of Fees

A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings in forma pauperis). The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2) of the Rules Governing Section 2254 cases.[1]

Here, Petitioner completed only one page of the two-page Application and failed to sign the Application. Additionally, he failed to submit a certified prison account statement. Thus, Petitioner's Application will be denied without prejudice to submitting a signed Application accompanied by his prison account statement.

---

[1] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254.

II. <u>The Petition</u>

An immigration detainee contesting the legality of his detention normally must name his immediate custodian, "the individual having day to day control over the facility in which he is being detained" as the respondent to the petition. <u>Vasquez v. Reno</u>, 233 F.3d 688, 695-696 (1st Cir. 2000), <u>cert. denied, sub nom.</u> <u>Vazquez v. Ashcroft</u>, 122 S. Ct. 43 (2001); 28 U.S.C. § 2243 (writ of habeas corpus is "directed to the person having custody of the person detained."); <u>see also</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 439 (2004) (immediate custodian of petitioner is proper respondent in habeas action).

Here, the case caption of the petition names as respondents Eric Holder, United States Attorney General; Janet Napolitano, Secretary of the Department of Homeland Security; and Bruce E. Chadbourne, District Director of the Boston Field Office of the United States Immigration and Customs Enforcement.  Because the Plymouth County Sheriff is the party having day to day control over the facility where petitioner is being detained, the Court will direct the Clerk to amend the case caption to reflect that Sheriff Joseph D. McDonald, Jr. is the sole respondent in this action.

<u>ORDER</u>

ACCORDINGLY, it is hereby ordered that:

1.  The Application to Proceed Without Prepayment of Fees (Docket No. 3) is  DENIED without prejudice.  If

     petitioner wishes to proceed with this action, within 21 days of the date of this Order, he either must (1) pay the $5.00 filing fee; or (2) file a signed Application accompanied by a certified prison account statement.  Failure of Petitioner to comply with this directive may result in the dismissal of this action without prejudice.  The Clerk shall provide petitioner with an Application to Proceed in District Court Without Prepaying Fees or Costs;

2. The Petitioner's Motion for Release from Detention (Docket No. 2) is DENIED;

3. Joseph D. McDonald, Jr., Plymouth County Sheriff, shall be substituted as the sole respondent in this action;

4. The Clerk of this Court shall serve a copy of the Petition upon (i) Sheriff McDonald; and (ii) the United States Attorney;

5. The Respondent shall, within 21 days of receipt of this Memorandum and Order, file an answer or other responsive pleading; and

6. The Respondent shall provide the Court with at least 48 hours advance notice of any scheduled removal of Petitioner, and any scheduled transfer of the Petitioner out of the jurisdiction.

SO ORDERED.

<u>March 1, 2013</u>                                        <u>/s/ Patti B. Saris</u>
DATE                                                     PATTI B. SARIS
                                                             UNITED STATES DISTRICT JUDGE