```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

ANDREW MORRIS,                  )
          Petitioner,           )
                                )
     v.                         )
                                )   C.A. No. 13-10382-PBS
                                )
JOSEPH D. MCDONALD, JR.,        )
          Respondent.           )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Court grants the respondent's motion to dismiss and this habeas petition will be dismissed without prejudice.

BACKGROUND

On February 25, 2013, Petitioner Andrew Morris, a native and citizen of Liberia now confined to the Plymouth County House of Correction, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  See Docket No. 1.  Petitioner challenges his continued detention and seeks immediate release on the ground that his continued detention is in violation of his due process rights as articulated by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

The Clerk was ordered to serve the petition by Memorandum and Order dated March 1, 2013.  See Docket No. 6.  Petitioner's Application to Proceed Without Prepayment of Fees was denied without prejudice as incomplete.  Id.  Petitioner was granted until March 22, 2013 to file a complete Application to Proceed Without Prepayment of Fees.  Id.  Petitioner failed to respond to the Court's Order.

On March 26, 2013, the respondent filed a motion to dismiss

accompanied by a Memorandum in Support.  <u>See</u> Docket Nos. 9-10. No opposition has been filed by petitioner.

DISCUSSION

Now before the Court is the respondent's motion to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  <u>See</u> Docket No. 9.  In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court held that after a reasonable post-removal period of 6-months, if an alien provides good reason to believe that there is no significant likelihood off removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  <u>Zadvydas</u>, 533 U.S. at 701.

Here, the Government explains that Morris was not under a final order of removal when he filed his petition and that he is in administrative removal proceedings.  A Declaration submitted by the Assistant Field Office Director of the Department of Homeland Security Immigration and Customs Enforcement states that Morris was scheduled for a hearing before an Immigration Judge on April 5, 2013.

Detention of an alien subject to a final order of removal is governed by 8 U.S.C. § 1231.  Under that statute, the Attorney General is required to detain and effect removal of an alien upon the entry of a final order of removal within ninety days.  <u>Id.</u> at § 1231(a)(2).  In <u>Zadvydas</u>, the Supreme Court considered the government's authority to detain admitted aliens who cannot be

2

promptly removed to their own or a third country.  The Court found that the post-order detention statute at 8 U.S.C. § 1231 was ambiguous and recognized six months as a presumptively reasonable period of post-final order detention within which to allow the government to accomplish an alien's removal.[1]  Zadvydas, 533 U.S. at 701.  An order of removal becomes final upon the earlier of a "determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."  8 U.S.C. § 1101(a)(47)(B)(I)-(ii).

Here, even if a removal order was entered by the Immigration Judge at the April 5, 2013 hearing, petitioner's claim is not ripe.  Nuculovic v. Chertoff, 2007 U.S. Dist. LEXIS 40858 (M.D. Pa. June 5, 2007) ("[a] petition filed before the expiration date of the presumptively reasonable six months of detention is properly dismissed as premature").  Petitioner has not met, and cannot meet, his burden.  Because he has not been detained for more than six months afer a final order of removal, the petition is premature and subject to dismissal.

## ORDER

Accordingly, the motion to dismiss (Docket No. 9) is GRANTED

---

[1] The Court, however, held that the six-month presumption does not mean that every alien who is not removed after six months must be released from detention. Id.  To the contrary, the Court held that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.

and the petition is dismissed without prejudice and without assessment of the filing fee.

SO ORDERED.

 April 11, 2013                  /s/ Patti B. Saris
DATE                             PATTI B. SARIS
                                 UNITED STATES DISTRICT JUDGE